# IN THE SUPREME COURT OF TEXAS

════════════
No. 11-0778
════════════

THE CITY OF HOUSTON, TEXAS, PETITIONER,

v.

ROGER BATES, MICHAEL L. SPRATT AND DOUGLAS SPRINGER, RESPONDENTS

════════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════════

JUSTICE HECHT, joined by JUSTICE LEHRMANN, concurring in part and dissenting in part.

I agree with the Court's resolution of the firefighters' debit dock claim but not their termination pay claim. Accordingly, I join only Parts I and II-A of the Court's opinion.

Sections 143.116(a)-(b) and 143.115(b) of the Texas Local Government Code require that a Houston firefighter who leaves civil service be paid a lump sum for accumulated sick leave and up to 60 accumulated vacation days, based on his or her "salary".[1] Section 143.110(b) provides that "[i]n addition to . . . base salary", a firefighter may be entitled to various types of premium pay —

---

[1] Section 143.116 at (a) and (b) of the Texas Local Government Code provides in pertinent part: "(a) A fire fighter . . . who leaves the classified service . . . [is] entitled to receive in a lump-sum payment the full amount of the fire fighter's . . . accumulated sick leave . . . (b) . . . Sick leave . . . is valued at the fire fighter's . . . average salary in the fiscal year in which the sick leave was accumulated."

Section 143.115(b) provides in pertinent part: "A fire fighter . . . who leaves the classified service . . . is entitled to receive in a lump-sum payment the full amount of the person's salary for the period of the person's accumulated vacation leave up to a maximum of 60 working days."

longevity pay, seniority pay, educational incentive pay, assignment pay, and shift differential pay. The Court construes these statutes to mean that for purposes of calculating termination pay, "salary" includes "base salary" and any premium pay. The Court reasons that the dictionary definition of salary is compensation paid regularly, and since premium pay is also compensatory and regularly rendered, it must be "salary". Using the same logic, one could conclude that because humans have hair and walk upright, characteristics shared by monkeys, monkeys are humans. The dictionary definition of "salary" neither requires nor even suggests that *all* regularly paid compensation qualifies, much less that elements of compensation cannot be excluded from the term "salary" for specific purposes. Educational incentive pay, assignment pay, and shift differential pay are regularly paid when due but are by statute "in addition to [a firefighter's] regular pay".[2] If these forms of premium pay are regularly paid but not regular pay, are they "salary" for purposes of calculating termination pay? Perhaps, perhaps not. The point is that the answer to the question cannot be found in a dictionary.

But the answer can, in this instance, be found in the history of the statutory provisions. Identical statutory lump-sum termination pay requirements were in effect in 1976 as part of Article 1269m of the Revised Civil Statutes.[3] But Section 143.110(b)'s predecessor, Article 1269m, § 8,

---

[2] TEX. LOC. GOV'T CODE §§ 143.042(c) ("The assignment pay is in an amount and is payable under conditions set by ordinance and is in addition to the regular pay received by members of the fire or police department."); 143.047(b) ("The shift differential pay is in an amount and is payable under conditions set by ordinance and is in addition to the regular pay received by members of the fire or police department."); 143.112(c) ("The educational incentive pay is in addition to the regular pay received by a fire fighter or police officer.").

[3] Act of May 2, 1975, 64th Leg., R.S., ch. 131, § 1, 1975 Tex. Gen. Laws 302, 302, formerly TEX. REV. CIV. STAT. ANN. art. 1269m, § 26(b), provided in part: "(a) [A] fireman . . . who leaves the classified service . . . shall receive in a lump sum payment the full amount of his salary for the period of his accumulated sick leave. . . . (b) [A] fireman . . . who leaves the classified service . . . shall receive in a lump sum payment the full amount of his salary for the period

2

stated that a firefighter was entitled to "be paid [a] salary and in addition thereto be paid any longevity or seniority or educational incentive pay that he may be entitled to."[4] Clearly, a firefighter's "salary" did not include premium pay. Then in the next sentence, the statute provided that a firefighter temporarily moved to a higher position "shall be paid the base salary of such higher position plus his own longevity pay".[5] "Base salary", too, did not include premium pay. As the Court concedes, Article 1269m used "salary" and "base salary" interchangeably.

In 1976, Houston adopted an ordinance requiring termination pay in accordance with these statutes, adding at the end:

> For purposes of determining the amount to which a fireman . . . is entitled . . . , "salary" shall mean the authorized base pay of the employee plus the longevity rate he has attained up to the date of separation or death. For purposes of this section, "salary" shall not include educational or training incentive pay or any other form of premium pay except as provided above.[6]

Houston's ordinance was consistent with Article 1269m. The substance of the ordinance has remained in effect to this day.[7]

---

of his accumulated vacation leave [for up to 60 days]."

[4] Act of May 8, 1973, 63rd Leg., R.S., ch. 140, § 1, 1973 Tex. Gen. Laws 300, 301 (amended 1979 and 1985), *repealed and recodified by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, §49, 1987 Tex. Gen. Laws 707, 913, 1307 (former TEX. REV. CIV. STAT. ANN. art. 1269m, § 8(b), recodified in relevant part at TEX. LOC. GOV'T CODE §§ 143.110 -.111).

[5] *Id.*

[6] Houston, Tex., Ordinance 76-1882 § 1 (Nov. 2, 1976).

[7] Houston, Tex., Code of Ordinances ch. 34, art.1, § 34-3(c).

In 1987, the provisions of Article 1269m were moved to the Local Government Code[8] as part of what the Legislature expressly stated was "a recodification only", in which "no substantive change in the law is intended".[9] The Court argues that changing "salary" to "base salary" was not a substantive change but merely a clarification. While the Court was looking up the word "salary" in the dictionary, it should have flipped a few pages over to "substantive", which means "real rather than apparent".[10] A "clarification" that includes premium pay as salary when it was previously excluded, invalidates part of a home city ordinance, costs the City and its taxpayers enormous amounts, and casts in doubt whether the City would ever have authorized premium pay if it had known the cost later imposed on its decision is substantive.

The Court points to another part of Section 143.110 that refers to longevity pay as separate from "base pay", equates "base pay" to "base salary", and concludes that they along with premium pay are all parts of a firefighter's "salary" for purposes of computing termination pay. But the conclusion does not follow from the premises. No one questions that firefighters' base pay is separate from premium pay. The issue is whether both are included in the "salary" on which termination pay is calculated. They clearly were not in 1976, and nothing material has changed since then. The Court agrees that the City has total discretion whether to offer educational incentive pay and assignment pay at all, but if it does, it has no discretion whatever to offer them on its own terms. This limitation on the City's discretion is not to be found in the statutory provisions.

---

[8] Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 913, 915.

[9] Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 51, 1987 Tex. Gen. Laws 707, 1308.

[10] WEBSTER'S THIRD NEW INT'L DICTIONARY 2280 (2002).

Had the firefighters' termination pay claim been made in 1976, it could scarcely have been taken seriously. The only change since 1976 has been a substitution of words in a statutory recodification intended to be nonsubstantive. That is not, in my view, sufficient support for the firefighters' claim.

Accordingly, I respectfully dissent from the Court's award of additional termination pay to the firefighters.

_____
Nathan L. Hecht
Justice

Opinion delivered:     June 28, 2013.